# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORTHERN ALASKA
ENVIRONMENTAL CENTER, *et al.*,

               Plaintiffs,

     v.

DOUG BURGUM, in his official capacity as
Secretary of the Interior, *et al.*,

              Defendants,
   and

STATE OF ALASKA,

              Defendant.

Case No. 3:26-cv-00108-ACP

## DECLARATION OF KEVIN PENDERGAST

I, Kevin Pendergast, hereby declare as follows:

1. I am over 21 years of age, fully competent, and duly authorized to make this declaration.

2. I am the State Director of the Bureau of Land Management in Alaska. As the State Director, I am responsible for implementing the Alaska Statehood conveyance program pursuant to the Alaska Statehood Act. Specifically, I am the senior executive manager responsible for oversight of the land law examiners who review the BLM records for any conflicting third-party interests before any conveyance, the cadastral surveyors, and the employees who prepare patents and Tentative Approvals.

3. Pursuant to a Memorandum of Understanding with the State, the BLM does not convey any land to the State until the State requests the land.  Recently, the State

requested approximately 1.4 million acres of land within the lands affected by PLO 7966. After a careful review by my staff of the property interests within the lands requested, the BLM issued Tentative Approval 2026-0002 which conveyed approximately 1.38 million acres of land to the State of Alaska after the lands which remained unavailable were removed from the State's request.

4.      The State has no other current requests for conveyances of land within the lands affected by PLO 7966.

5.       The lands conveyed in TA 2026-0002 must be surveyed before they will be patented to the State of Alaska.  These lands are not included in the plans for the 2026 field season for the Cadastral surveyors.  Once survey is requested, my cadastral surveying staff will write the special instructions for the survey, conduct the field survey while there is no snow on the ground and the survey will require the use of a helicopter to efficiently monument the corners, draft and review the plat of the survey.  Once the Head of Cadastral approves the plat, a notice is put in the Federal Register and anyone may file a protest for 30 days.  If there are no protests, the plat will be officially filed and can be used for patenting the land.

6.      There are approximately 206,000 acres of land included in TA 2026-0002 where the townships have been surveyed.  However, even where the land has been surveyed previously, additional survey may be necessary to address any inholdings or other interests within the lands to be patented.  The process to confirm the legal land description for a conveyance will need significant staff time to complete and will not start unless there is a request from the State.

6.    Based on the foregoing, I expect it would typically take several months at a minimum to TA or patent any additional land within the lands affected by PLO 7966. Based on current staffing levels and workloads, that minimum timeline may increase. Additionally, none of these processes will start until, and unless, the State requests a conveyance of land.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 4th day of June 2026, in Anchorage, Alaska.

KEVIN PENDERGAST
Digitally signed by
KEVIN PENDERGAST
Date: 2026.06.04
12:05:31 -08'00'

Kevin Pendergast, Alaska State Director of the BLM